# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff(s),

    v.

JOHNNYLEE PRESTON BURK,

    Defendant(s).

Case No. 3:19-cr-00117-SLG-MMS

## ORDER RE FINAL REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Before the Court at Docket 12 is Defendant's Motion to Dismiss along with Defendant's Supplemental Motion to Dismiss at Docket 35. Plaintiff responded in opposition at Dockets 19 and 36. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 54, Judge Scoble issued his Final Report and Recommendation, in which he recommended that the motion be denied. Defendant objected to the report at Docket 56. The Government filed a Supplemental Response at Docket 66. Defendant filed Supplemental Objections at Docket 81.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

Based on the Court's de novo review of the relevant filings, the Court will adopt in part the determinations of the magistrate judge as follows:

Paragraph 1 of the Final Report and Recommendation ("FRR") is adopted in its entirety, except that the word "replaces" on the eighth line of that paragraph is replaced with "supplements."

Pages 2 and 3, and continuing to the first two lines of page 4 (ending with the cite to *Boren*), are adopted in their entirety.

The Court adopts in part the next paragraph of the FRR, which is amended to read as follows:

> Burk cites to *U.S. v. Sapp*, a Northern District of California case, where the charges against Sapp included federal firearms violations and two charges under 18 USC § 1114. 272 F.Supp. 2d 897,898 (N.D. Cal. 2003). Sapp shot two local law enforcements officers while they were executing a state warrant. The district court noted that although "[t]he U.S. Attorney's office played a significant role in the effort to

---

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:19-cr-00117-SLG, *USA v. Burk*
Order re Motion to Dismiss
Page 2 of 3

apprehend Sapp… the actual operation to apprehend Sapp on the day in question involved no direct federal participation of any sort." *Id.* at 907. At best, *Sapp* is persuasive. The Court notes that while the *Sapp* court terms the motion before it as a motion to dismiss, the decision cites extensively to declarations and other evidence in the record in making its determination as to whether the local law enforcement officers involved were actually assisting a federal officer when Sapp was being apprehended within the meaning of 18 U.S.C. § 1114. In the instant case, the Indictment alleges that each alleged victim was "a person assisting an officer or employee of the United States in the performance of official duties."[4]

The Court does not adopt any of the remaining three paragraphs of FRR. Instead, the Court finds as follows:

The charges in the Indictment follow the requirements set out in the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 7(c). Whether the alleged victims were actually assisting an officer or employee of the United States in the performance of official duties is an issue for trial.

For the reasons set forth above and in the portions of the FRR that have been adopted by this Court, the Motion to Dismiss at Docket 12 and the Supplement at Docket 35 are DENIED.

DATED this 5th day of March, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 2 at 2.

Case No. 3:19-cr-00117-SLG, *USA v. Burk*
Order re Motion to Dismiss
Page 3 of 3