IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

JOHNNYLEE PRESTON BURK,

                Defendant.

Case No. 3:19-cr-00117-JMK

**ORDER DENYING
MOTION TO SUPPRESS**

Before the Court at Docket 167 is Defendant Johnnylee Burk's "Motion to Suppress Recorded Jail Calls" (the Motion). Mr. Burk seeks an order from this Court to "suppress illegally monitored and recorded jail calls while Burk has been housed at ACC-East. . . ."[1] The Government responded in opposition at Docket 169. No reply was filed.

Mr. Burk argues that "pretrial calls" that were produced during discovery in this case "were obtained by the illegal monitoring and recording being done by DOC staff in direct violation of Cleary's FSA and without any warrant granted by a magistrate to do so."[2] "Cleary's FSA" refers to a Final Settlement Agreement and Order, incorporated into a judicial consent decree by the Alaska Superior Court in 1990.[3] The *Cleary* consent decree

---

[1] Docket 167 at 1.
[2] *Id.* at 3–4. Mr. Burk does not specify who the calls are to and from or what the content of the calls is.
[3] *See Cleary v. Smith*, No. 3AN-81-5274 Ci., Final Settlement Agreement and Order (Alaska Super. Ct., Sept. 21, 1990).

> applied to 'all inmates, with some exceptions, who are or will in the future be incarcerated in correctional facilities owned or operated by the state'. . . [and] included elaborate provisions for future operation of Alaska prisons, enumerated rights of inmates, guaranteed the availability of specific rehabilitative programs and services, required the state to implement an inmate classification system, created population guidelines, and established caps to eliminate overcrowding.[4]

However, the *Cleary* consent decree does not purport to apply to "individuals charged only with a federal offense or offenses[.]"[5] Mr. Burk is charged with two counts of assault in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 18 U.S.C. §§ 111(a)(1), respectively.[6] It thus is not clear to the Court that the *Cleary* consent decree creates any affirmative rights or bases for relief for Mr. Burk.

Further, even if the *Cleary* decree applied to Mr. Burk, the text only suggests a prohibition as to the monitoring and recording of calls between an inmate and his or her attorney. Specifically, the decree provides that "[t]he Department may not monitor the telephone call of a pretrial detainee, or the telephone call by any inmate to or from any attorney, except when authorized by court order."[7] Mr. Burk has not shown or alleged that the calls he seeks to suppress were made to or from an attorney. In summary, the *Cleary* consent decree cannot serve as an adequate basis for Mr. Burk's requested relief.

Mr. Burk also alleges that the monitoring and recording of his calls violates various constitutional rights. First, Mr. Burk argues that the calls were "obtained by DOC

---

[4] *Miller v. Corr. Corp. of Am.*, 3:03-cv-00266-JWS, 2008 WL 11338666, *1 (D. Alaska Sept. 18, 2008) (citing *Smith v. Cleary*, 24 P.3d 1245, 1247 (Alaska 2001)).
[5] Docket 169-1 at 7.
[6] *See* Docket 2.
[7] Docket 169-1 at 34.

through an illegal 'search'" and "cannot be excused here under the good-faith exception."[8]

Mr. Burk cites to *United States v. Leon*, 468 U.S. 897 (1984), for this assertion, and states

that the "the U.S. Marshals and DOC staff, had no reason to believe that probable cause

existed[.]"[9]  However, *Leon* only addressed the question of "[w]hether the exclusionary

sanction is appropriately imposed in a particular case," rather than "whether the Fourth

Amendment rights of the party seeking to invoke the rule were violated. . . ."[10]

Here, the Court cannot find that an illegal search occurred, and therefore no

violation of Mr. Burk's Fourth Amendment rights has been shown.  "The Fourth

Amendment is not triggered unless the state intrudes into an area 'in which there is a

constitutional protected reasonable expectation of privacy."[11]  The Ninth Circuit has held

that "any expectation of privacy in outbound calls from prison is not objectively reasonable

and that the Fourth Amendment is therefore not triggered by the routine taping of such

calls."[12]  Therefore, the monitoring and recording of Mr. Burk's non-attorney phone calls

does not amount to an illegal search, and any exclusionary rule analysis under *Leon* is

inapplicable.

Mr. Burk additionally asserts that the monitoring and recording of calls

violates his procedural due process rights under the Fifth and Fourteenth Amendments.[13]

---

[8] Docket 167 at 6.

[9] *Id.* at 6–7.

[10] *United States v. Leon*, 468 U.S. 897, 906 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 223 (1983)).

[11] *United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir. 1996) (internal citations omitted).

[12] *Id.* at 291.  Further, the Ninth Circuit found that even if the Fourth Amendment were triggered, "institutional security concerns justify such recordings and render them reasonable for Fourth Amendment purposes." *Id.*

[13] Docket 167 at 7.  The Supreme Court uses the same analysis under the Fifth and Fourteenth Amendment due process clauses to determine whether a liberty interest exists.  *See Kaufmann v. Pima Cnty.*, CV 11-534 TUC DCB, 2014 WL 12538174, *2 (D. Ariz. Jan. 21, 2014).

He argues that "protected liberty interests were created by the terms set in the Final Settlement Agreement and Order in Cleary v. Smith . . ." and the "monitoring and recording of Burk's pretrial calls, in violation of those terms, constitutes a deprivation of his protected liberty interests and is therefore illegally obtained by DOC, requiring it to be suppressed here."[14]  The Ninth Circuit has held that consent decrees *can* create liberty interests protected by the Fourteenth Amendment, but "[a] consent decree, however, only creates obligations that run to the parties to the decree, and only while the decree is still in force."[15] As discussed above, the *Cleary* consent decree creates no protected interest in making or receiving un-monitored non-attorney calls.  Even if the Court could find that it did, Mr. Burk has no claim of entitlement to such an interest.  In summary, Mr. Burk has not shown violations of his Fourth, Fifth, and Fourteenth Amendment rights, or that suppression of non-attorney calls is warranted.

## CONCLUSION

In light of the foregoing, the Motion at Docket 167 is **DENIED** without prejudice.

IT IS SO ORDERED this 20th day of September, 2021, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

---

[14]  Docket 167 at 8.
[15]  *Smith v. Sumner*, 994 F.2d 1401, 1406 n.4 (9th Cir. 1993).