IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNYLEE PRESTON BURK,<br><br>Defendant. | Case No. 3:19-cr-00117-JMK<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

Before the Court at Docket 171 is Defendant Johnnylee "Burk's Motion to Dismiss Indictment" (the Motion). Mr. Burk argues the charges against him must be dismissed with prejudice due to a violation of his Constitutional Sixth Amendment right to a speedy trial.[1] The Government responded in opposition at Docket 178. No reply was filed.

"The Sixth Amendment guarantees all criminal defendants 'the right to a speedy and public trial[,]'" but "does not prescribe any specified length of time within which a criminal trial must commence."[2] The Speedy Trial Act was enacted to give effect to the Sixth Amendment and requires that "a criminal trial begin within seventy days from

---

[1] Docket 171 at 13.
[2] *United States v. Olsen*, 995 F.3d 683, 686 (9th Cir. 2021) (citing U.S. Const. amend. VI).

*United States v. Burk*  Case No. 3:19-cr-00117-JMK
Order Denying Motion to Dismiss  Page 1
Case 3:19-cr-00117-JMK-MMS   Document 266   Filed 09/20/21   Page 1 of 5

the date on which the indictment was filed, or the date on which the defendant makes an initial appearance, whichever occurs later."[3] However, a court may exclude periods of delay resulting from competency examinations, interlocutory appeals, pretrial motions, the unavailability of essential witnesses, and delays to which the defendant agrees.[4] The "ends of justice" provision allows for the exclusion of time where a court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[5] "In determining whether the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, the district court must evaluate 'among others,' several enumerated factors."[6] One factor, relevant here, is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."[7]

Mr. Burk alleges that the Court's continuance of his trial at Docket 97 violated his Constitutional right to a speedy trial.[8] The Court stated, on the record, that:

> For reasons stated in Miscellaneous General Order 20-10, the Court finds that the ends of justice served by ordering a continuance in this case outweigh the best interests of the public and Defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv). Accordingly, the time from the date of this order through May 1, 2020, is excluded.[9]

---

[3] *Id.* (citing to 18 U.S.C. § 3161(c)(1)).
[4] *See* 18 U.S.C. § 3161(h).
[5] 18 U.S.C. § 3161(h)(7)(A).
[6] *Olsen*, 995 F.3d at 686 (citing to 18 U.S.C. § 3161(h)(7)(B)(i)–(iv)).
[7] 18 U.S.C. § 3161(h)(7)(B)(i).
[8] Docket 171 at 2.
[9] Docket 97. Mr. Burk filed a Motion for Reconsideration of this continuance at Docket 98. The Motion for Reconsideration was denied at Docket 100.

*United States v. Burk*     Case No. 3:19-cr-00117-JMK
Order Denying Motion to Dismiss     Page 2
Case 3:19-cr-00117-JMK-MMS    Document 266    Filed 09/20/21    Page 2 of 5

Mr. Burk argues that because holding a trial is not physically or logistically impossible, the COVID-19 pandemic is not an appropriate basis on which to rely in continuing his trial.[10] He alleges that potential solutions such as "plexiglas[s] partitions, vigilant testing prior to any trial, [and] spacing the jurors out amongst the public seating area" are available, and that because the Court has continued to assemble grand juries, it should be capable of assembling a trial jury.[11] Mr. Burk also argues that the Court did not make specific findings on the record to support an "ends of justice" delay and cannot rely on General Orders issued by the Court suspending all jury trials due to the COVID-19 pandemic.[12] In support of his arguments, Mr. Burk cites to *United States v. Olsen*, 494 F. Supp. 3d 722 (C.D. Cal. 2020), which held that a defendant's Sixth Amendment right to a speedy and public trial was violated where the Court refused to summon jurors due to the COVID-19 pandemic. The district court found that it was not *impossible* to conduct a jury trial, because safety precautions could be put in place and grand juries had been empaneled without issue.[13] It also found that "an 'ends of justice' exclusion must be justified with reference to specific factual circumstances in the particular case as of the time the delay is ordered."[14]

However, in April 2021, the Ninth Circuit reversed and remanded the district court's decision in *Olsen*.[15] The Ninth Circuit found that an ends of justice continuance does not require "literal impossibility," but is meant to "provide necessary flexibility to

---

[10] Docket 171 at 4–5.
[11] *Id.* at 5–6.
[12] *Id.* at 7–8.
[13] *United States v. Olsen*, 494 F. Supp. 3d 722, 728 (C.D. Cal. 2020).
[14] *Id.* at 730.
[15] *See generally United States v. Olsen*, 995 F.3d 683 (9th Cir. 2021).

district courts to manage their criminal cases."[16]  Further, the Ninth Circuit found that "[n]othing in the Speedy Trial Act limits district courts to granting ends of justice continuances only when holding jury trials is impossible."[17]  Indeed, there are many other factors the Court considers, including whether the district court's failure to apply an ends of justice continuance would result in a miscarriage of justice[18] and non-statutory facts such as whether the parties "actually want and need a continuance," among others.[19]

Here, the Court properly made the "required independent findings with reference to the facts as of the time the delay [was] ordered."[20]  On the record, the Court cited to Miscellaneous General Order 20-10, which found that the COVID-19 pandemic posed a public health disaster emergency and the ends of justice would be served by ordering continuances due to the "Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom[.]"[21]  The Ninth Circuit has found that "a global pandemic that has claimed more than half a million lives in this country[.] . . . falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health."[22]  The Court therefore appropriately granted an ends of justice continuance.

---

[16] *Id.* at 690–91.
[17] *Id.*
[18] *Id.* at 692.
[19] *United States v. Loyd*, 125 F.3d 1263, 1269 (9th Cir. 1997).
[20] *Id.* at 1269.
[21] MGO 20-10.
[22] *United States v. Olsen*, 995 F.3d 683, 693 (9th Cir. 2021).

*United States v. Burk*                          Case No. 3:19-cr-00117-JMK
Order Denying Motion to Dismiss                Page 4
Case 3:19-cr-00117-JMK-MMS    Document 266    Filed 09/20/21    Page 4 of 5

The Court also notes that Mr. Burk himself has consistently, whether implicitly or explicitly, requested continuances of his trial and has continued to prolifically file pretrial motions. The Court granted these continuances at Mr. Burk's request so that he may continue to prepare materials for trial and pursue a mental health evaluation in support of a potential insanity defense. Furthermore, since Mr. Burk began acting *pro se*, he has filed well over two dozen motions, and there has not been any time since over the past six months where one or more defense motions were not pending. Even absent the COVID-19 pandemic and Mr. Burk's desire to prepare for a potential insanity defense, the entirety of this time would be properly excluded under 18 U.S.C. § 3161(h)(1)(D). This time is all excludable, as noted on the record and in the docket entries of this case. The Court has made the requisite Speedy Trial Act findings and Mr. Burk has suffered no violation of his constitutional rights.

## CONCLUSION

In light of the foregoing, the Motion at Docket 171 is **DENIED** without prejudice.

IT IS SO ORDERED this 20th day of September, 2021, at Anchorage, Alaska.

 */s/ Joshua M. Kindred*
 JOSHUA M. KINDRED
 United States District Judge

*United States v. Burk*     Case No. 3:19-cr-00117-JMK
Order Denying Motion to Dismiss     Page 5
Case 3:19-cr-00117-JMK-MMS    Document 266    Filed 09/20/21    Page 5 of 5