UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNYLEE PRESTON BURK,<br><br>Defendant. | 3:19-cr-00117-JMK-MMS<br><br>FINAL REPORT AND RECOMMENDATION[1] REGARDING DEFENDANT'S REQUEST FOR EXPEDITED PROBABLE CAUSE REVIEW [DKTS. 215/229] |

## I. MOTION PRESENTED

In October 2019, a Grand Jury returned a two-count indictment against Johnnylee Preston Burk. Mr. Burk has been charged by indictment with one count of forcibly assaulting a federal employee that inflicted bodily injury[2] and one count of forcibly assaulting a different federal employee.[3] [Dkt. 2]. This Court ordered Mr. Burk's detention in October 2019 and denied bail in March 2020. [Dkt. 7, Dkt. 90]. In March 2020, the district court denied Mr. Burk's motion to dismiss for lack of jurisdiction by issuing its own order that adopted portions of this Court's final report and recommendation. [See Dkt. 12, Dkt. 54, Dkt. 91]. In July 2021, the district court denied eleven of Mr. Burk's motions

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge, who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.
[2] 18 U.S.C. §§ 111(a)(1) and (b)
[3] 18 U.S.C. 111(a)(1)

in an omnibus order that adopted two of this Court's reports and recommendations. [Dkt. 235]. The first report and recommendation recommended denying Mr. Burk's vindictive prosecution claim. [Dkt. 92]. The second report and recommendation recommended denying Mr. Burk's motion to dismiss the indictment for failure to state an offense. [Dkt. 132]. In September and October 2021, this Court was referred four of Mr. Burk's motions for review:

- Request for Expedited Probable Cause Review [Dkt. 215];
- Amended Request for Probable Cause Review [Dkt. 229];
- Motion for Emergency Detention Hearing [Dkt. 244]; and
- Supplemental Request for Emergency Detention Review [Dkt. 262].

In his two requests for probable cause review, Mr. Burk alleges that the government failed "to establish adequate probable cause in Burk's Initial Detention Review (at doc. #5), that he had actually committed the underlying offenses in this case in violation of 18 U.S.C. § 111a and (b), and where this court was misled into making its probable cause finding (made at doc, #7), deciding that enough probable cause existed to detain him." [*sic*] [Dkt. 215 at 1, Dkt. 229].

Mr. Burk also asks this Court to "conduct an emergency detention review to determine if probable cause actually exists or not. Burk makes this request pursuant to 18 U.S.C. § 3145(b)" and that he be released to home confinement because of his "Asthma condition which has a higher risk of death due to COVID-19." [Dkt. 244 at 1, Dkt. 262 at 1].

This Court granted in part Mr. Burk's [Dkt. 244] motion and [Dkt. 262] motion at a bail review hearing on October 7, 2021. [Dkt. 282]. During that bail review hearing, Mr.

Burk indicated he did not want this Court to review the motions at Dockets 244 and 262. Rather, Mr. Burk's intent was to appeal this Court's prior finding that detention was necessary to ensure the safety of the community and to ensure his court appearance. Subsequent to the October 7th hearing, the district court issued an order denying Burk's appeal of this Court's prior detention determination as untimely. [Dkt. 292].

This Court hereby issues a Final Report and Recommendation regarding Mr. Burk's request for expedited probable cause review [Dkt. 215, 229]. For the reasons below, Mr. Burk's request for expedited probable cause review should be DENIED. 28 U.S.C. § 636(b)(1)(B).

## II. LEGAL STANDARD

A grand jury is a "kind of buffer or referee between the Government and the people." *United States v. Williams*, 504 U.S. 36, 47 (1992). The grand jury's relationship with the judiciary is at arm's length. Fed. R. Crim. P. 6. A judge calls the grand jurors together and administers their oath of office. Fed. R. Crim. P. 6(a)(1). A prosecutor presents the case to the grand jury and attempts to establish probable cause. *Williams*, 504 U.S. at 51. The grand jury, acting independently of the prosecutor and the judge, decides whether there is probable cause to bring a criminal charge against a suspect. *United States v. Dionisio*, 410 U.S. 1, 16 (1973). Once a grand jury returns an indictment, it is conclusive and cannot be challenged on the basis of incompetent or inadequate evidence. *Costello v. United States*, 350 U.S. 359, 363-64 (1956); *see also Kaley v. United States*, 571 U.S. 320, 328 (2014) ("[A] grand jury gets to say – without any review, oversight or second-guessing – whether probable cause exists to think that a person committed a crime.").

In federal criminal proceedings, a defendant's release and detention is governed by the Bail Reform Act of 1984. 18 U.S.C. §§ 3141-3156. If the defendant has been detained, a judicial officer must hold a detention hearing. 18 U.S.C. § 3142. The Bail Reform Act requires the pretrial detention of a defendant if there are no conditions or combinations of conditions which will "reasonably assure the appearance of the person" and reasonably assure the "safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). There are two burdens of proof in a pre-trial detention hearing. First, the burden of proof rests on the government to establish by *clear and convincing evidence* that no conditions of release will reasonably assure the safety of the community. *Id.* Second, the government's burden of proof regarding a defendant's risk of flight is by a *preponderance of the evidence*. *Id.* Thus, a pre-trial detention hearing does not review any of the evidence presented before the grand jury, nor does it review a grand jury's finding of probable cause.

A defendant can move for release on conditions after pre-trial detention has been ordered. A defendant can also move to re-open a bail hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any person and the community." 18 U.S.C. § 3142(f)(2)(B).

### III. ANALYSIS

Mr. Burk is mistaken as to the standard of proof in a detention hearing. A judicial officer in a detention hearing considers 18 U.S.C. § 3142(g) factors and considers any information presented. The judicial officer can detain a defendant because the government

4

has proven: (1) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or (2) by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. 18 U.S.C. § 3142(f)(2)(B). Here, this Court found that the government met both of the burdens of proof. [Dkt. 7 at 2]. The order of detention lists nine reasons for detention. *Id.* at 3.

Mr. Burk's request for an expedited probable cause review is not relief which this Court can grant, because this Court did not make a probable cause determination. It was the grand jury, in their independent deliberations, that found probable cause to indict Mr. Burk. *See Dionisio*, 410 U.S. at 16; [Dkt. 2]. Neither did this Court review, reconsider, or re-open the grand jury's finding of probable cause. Mr. Burk cannot second-guess a grand jury's probable cause finding because of allegations of "incompetent or inadequate evidence." *See Costello*, 350 U.S. at 363-64. This is not Mr. Burk's first foray into this chartless territory. *See* [Dkt. 235 at 7] ("[T]he motions Mr. Burk seeks reconsideration of were carefully considered by the prior magistrate and district court judges assigned to his case. Where his request for reconsideration is based primarily on reiterations of arguments previously raised and decided, the court cannot find that the prior decisions should be disturbed.").

To the extent that Mr. Burk failed to properly raise his arguments, this Court will construe his [Dkt. 215] motion and [Dkt. 229] motion as a motion to reopen the bail hearing. 18 U.S.C. § 3142(f)(2)(B). The purpose of § 3142(f)(2)(B) is to give the parties an opportunity to present new information regarding a defendant's flight risk or a

5

defendant's danger to the community. *Id.* The new information has to "(1) establish information now exists that was not known to the movant at the initial detention hearing and (2) has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance and safety of any other person and the community." *Id.* A bail hearing is not reopened if the information was available at the time of the hearing. *Id.*

Here, Mr. Burk reprises his argument that the government allegedly did not know whether the two victims were "contract staff." [Dkt. 215, 229]. This information is not new because it has been the subject of previous court orders. [Dkt. 54 at 5] ("Arguing that the indictment fails to prove an employee of the Cordova Center is a federal officer within the meaning of 18 U.S.C. §§ 111, 1114, is a trial argument."); [Dkt. 91 at 3] ("Whether the alleged victims were actually assisting an officer or employee of the United States in the performance of official duties is an issue for trial."); [Dkt. 132 at 2] ("... [T]he indictment charges Burk with assaulting A.M. and F.A. while they were assisting an officer or employee of the United States in the performance of official duties."); *see generally* [Dkt 235] (denying eleven of Mr. Burk's motions). Mr. Burk's other allegation is that one of the victims "who allegedly had a bruise on her face, really had a birthmark instead." [Dkt. 229 at 2]. Again, this Court did not make a probable cause finding, the grand jury did. *See Dionisio*, 410 U.S. at 16; [Dkt. 2].

Regarding Mr. Burk's bail, he moved for a bail review hearing because he had "been accepted at Akeela House, and wishe[d] to be released there to undergo substance abuse treatment." [Dkt. 86 at 1]. This Court had previously considered Mr. Burk's request to be

6
Case 3:19-cr-00117-SLG-MMS   Document 298   Filed 10/29/21   Page 6 of 8

released to Akeela, held a detention hearing, and denied his release to Akeela. [Dkt. 90]. The instant request merely asks this Court to revisit a previously unsuccessful release proposal. Mr. Burk's release proposal falls short of the requirements of § 3142(f)(2)(B)'s and Mr. Burk is still considered a flight risk and a danger to the community.

Mr. Burk's motion to reopen the bail hearing does not allege new and material information that would change his flight risk or danger to the community and should be DENIED.

Mr. Burk's motions at [Dkt. 215] and [Dkt. 229] are procedurally deficient and should be DENIED.

## **CONCLUSION**

For the reasons set forth above, Mr. Burk's Request for Expedited Probable Cause Review [Dkt, 215, 229] should be DENIED.

DATED this 29th day of October, 2021, at Anchorage, Alaska.


*s/ Matthew M. Scoble*
CHIEF U.S. MAGISTRATE JUDGE


Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **November 12, 2021**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to

contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses **shall not exceed five (5) pages in length**, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on **November 19, 2021**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

8
Case 3:19-cr-00117-SLG-MMS   Document 298   Filed 10/29/21   Page 8 of 8