IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>JOHNNYLEE PRESTON BURK,<br><br>                      Defendant. | Case No. 3:19-cr-00117-JMK<br><br>**ORDER** |

Before the Court at Dockets 215 and 229 are Defendant Johnnylee Burk's *Defendants Request for Exp[e]dited Probable Cause Review* and *Burk's Amended Request for Probable Cause Review* (the Motions), respectively. No response from the Government is necessary. The motions were referred to the Honorable Magistrate Judge Scoble. At Docket 298, Judge Scoble issued his Final Report and Recommendation, in which he recommended that the Motions be denied. Mr. Burk filed objections to the Final Report and Recommendation at Docket 307.[1]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings

---

[1] The Court granted Mr. Burk's oral motion for extension of time to file objections to the Final Report and Recommendation at Docket 304.

or recommendations made by the magistrate judge."[2]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3]  But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[4]

The magistrate judge recommended that the Court deny Mr. Burk's Motions at Dockets 215 and 229 because they are procedurally deficient.[5]  The Court has reviewed the Final Report and Recommendation and agrees with its analysis.  The Court has additionally reviewed Mr. Burk's objections and finds they are without merit.  Mr. Burk continues to reiterate various permutations of his argument that he was "fraudulently" indicted by the Grant Jury.[6]  As discussed in the Final Report and Recommendation, these arguments have already been ruled on and this Court declines to second guess a grand jury's probable cause finding on allegations of inadequate evidence.  The Court also finds that Mr. Burk has not alleged any new, material information which compel it to reopen a

---

[2] 28 U.S.C. § 636(b)(1).
[3] *Id.*
[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[5] *See* Docket 298 at 7.
[6] *See* Docket 307 at 1–7.

previously unsuccessful bail hearing.[7]  Accordingly, the Court adopts the Final Report and Recommendation, and IT IS ORDERED that the Motions are DENIED.

IT IS SO ORDERED this 19th day of January, 2022, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[7] Mr. Burk incorrectly that the Government bears a continuous burden to show that he does not pose a flight risk. *See id.* at 7–10. Where Mr. Burk seeks to *re-open* a bail hearing, the burden is on him to show new, material information exists that was not considered at the initial detention hearing. *See United States v. Lopez*, No. 2:16-cr-00265-GMN-CWH, 2018 WL 10016171, *2 (D. Nev. June 21, 2018).

*United States v. Burk*  Case No. 3:19-cr-00117-JMK-MMS
Order  Page 3
Case 3:19-cr-00117-JMK-MMS   Document 329   Filed 01/20/22   Page 3 of 3