IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

              Plaintiff,

vs.

JOHNNYLEE PRESTON BURK,

              Defendant.

Case No. 3:19-cr-00117-JMK

**ORDER DENYING
REQUEST FOR INJUNCTIVE
RELIEF**

Before the Court at Dockets 312 and 319 are Defendant Johnnylee Preston "Burk's Request for Injunction for Law Library" and "Supplemental Request for an Injunction" (the "Motions"), respectively. Mr. Burk requests that this Court "issue an injunction allowing him to access the inmate law library at night time. . . ."[1] No response from the Government is necessary.

Mr. Burk's Motions allege that he is currently able to access a law library while incarcerated, but that his "ability to [] access the computer to research the law as needed," and "use the type-a-writer to type motions" is restricted.[2] Mr. Burk alleges he is "overwhelmed with legal actions and currently has approximately 9 or 10 separate matters

---

[1] Docket 312 at 1.
[2] *Id.* at 2.

he is litigating as a pro se litigant[.]"[3]  After an unsuccessful internal request to his facility, Mr. Burk requested that the Court order the State of Alaska Department of Corrections ("DOC") to allow him to access the law library outside of its normal hours of operation.[4] The Court must deny his request.

In *Kane v. Garcia Espitia*,[5]  the Supreme Court held that the failure to provide access to a law library to a *pro se* criminal defendant did not violate clearly established Federal law, as required for habeas relief pursuant to 28 U.S.C. § 2254(d)(1). However, the Supreme Court declined to resolve a circuit split with respect to whether *Faretta v. California*,[6] which established a "Sixth Amendment right to self-representation, implies a right of the *pro se* defendant to have access to a law library."[7]  In the absence of a decision by the Supreme Court, this Court is bound by the Ninth Circuit, which has recognized a right to *some* access to legal resources.[8]  Although the contours of such right are not precisely defined, the Ninth Circuit has acknowledged that some restrictions on the access to a law library based on prison security concerns do not violate such right.[9]  Going

---

[3]  Docket 319 at 1–2.
[4]  *See* Docket 319-1 at 1.
[5]  *Kane v. Garcia Espitia*, 546 U.S. 9 (2005).
[6]  *Faretta v. California*, 422 U.S. 806 (1975).
[7]  *See Milton v. Morris*, 767 F.2d 1443, 1446–47 (9th Cir. 1985) (holding "the state may not unreasonably hinder the defendant's efforts to prepare his own defense.") *but see Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) ("The federal appellate courts have split on whether *Faretta*, which establishes a Sixth Amendment right to self-representation, implies a right of the pro se defendant to have access to a law library.  That question cannot be resolved here[.]") (internal citations and quotations omitted).
[8]  *See Bribiesca v. Galaza*, 215 F.3d 1015, 1020 (9th Cir. 2000) (abrogated on other grounds by *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005)).
[9]  *Id.*

*United States v. Burk*
Order Denying Request for Injunctive Relief

Case No. 3:19-cr-00117-JMK
Page 2

a step further, "[t]he Ninth Circuit has decidedly not required that a law library be made available to all *pro se* defendants."[10]

       Mr. Burk has chosen to represent himself in this case and his other *pro se* matters. This Court has appointed standby counsel for Mr. Burk on numerous occasions. It is well understood that "a criminal defendant who exercises his right to reject counsel necessarily relinquishes many of the benefits associated with representation by counsel."[11] Mr. Burk has some access to legal resources, as evidenced by the statements in his Motions, as well as the fact that he has been able to prolifically, and regularly, produce filings in the current matter. It does not appear that he has been denied all means of preparing and presenting a defense, which might warrant a different analysis. It thus does not appear that there has been a violation of his constitutional right to self-representation.

       Even if Mr. Burk properly alleged a constitutional violation or a violation of federal law with respect to his right to access the law library more frequently, which he has not, the relief requested by Mr. Burk is improper. Mr. Burk cannot compel this Court to grant injunctive relief against a non-party.[12] The State of Alaska Department of Corrections is not a party to the present matter and the Court cannot order it to act. The Court must defer to the Department of Corrections in this instance to regulate its internal

---

[10] *Amador v. Humboldt Cty. Correctional Facility*, No. C 06-6043, 2007 WL 1411615, *4 (N. D. Cal. May 11, 2007) (citing *United States v. Wilson*, 690 F.2d 1267 (9th Cir. 1982)).

[11] *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) ("Nowhere did the *Faretta* Court suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation. We decline to interpret the right to self-representation under the Sixth Amendment to include a right to conduct one's own research at government expense.").

[12] *See Zenith Radio Corp. v. Hazeltime Research, Inc.*, 395 U.S. 100, 112 (1969).

prison operations. Lastly, it appears that Mr. Burk has already requested this very relief in a separate matter and his motion was denied.[13]

**CONCLUSION**

For the foregoing reasons, the Motions at Dockets 312 and 319 are **DENIED**.

IT IS SO ORDERED this 14th day of April, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
_____
JOSHUA M. KINDRED
United States District Judge

---

[13] *Burk v. Blake, et al.*, Case No. 3:21-cv-00043-SEH, ECF No. 50.

Case 3:19-cr-00117-JMK-MMS   Document 379   Filed 04/14/22   Page 4 of 4