IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>Defendant. | Case No. 3:19-cr-00117-JMK<br><br>**ORDER** |

Before the Court at Docket 467 is Defendant Johnny-Lee Burk's *pro se* filing entitled "Motion Requesting Court's Review of Detention" (the "Motion"). The Government did not respond to the Motion. In the Motion, Mr. Burk requests that this Court review Magistrate Judge Scoble's Detention Order and hold its own detention review hearing.[1] For the following reasons, Mr. Burk's Motion is DENIED.

## I. BACKGROUND

On June 10, 2022, this Court held a Proposed Change of Plea and Bail Review Hearing, at which the Court ordered Mr. Burk released pending imposition of his sentence.[2] That same day, Mr. Burk entered into a plea agreement with the Government,

---

[1] Docket 467 at 1–2.
[2] Docket 415.

agreeing to plead guilty to Assault in violation of 18 U.S.C. § 111(a)(1).[3] Mr. Burk was released on June 13, 2022, on supervised release in Case No. 3:15-cr-00088-003-SLG and on pretrial release in this case.[4] On June 22, 2022, the United States Probation and Pretrial Services Office ("USPO") petitioned the Court for Action on Conditions of Pretrial Release, alleging that Mr. Burk violated his pretrial release conditions by cutting off his location monitoring equipment.[5] On June 24, 2022, USPO petitioned the Court for a Warrant for Person Under Supervised Release, alleging that Mr. Burk had failed to report for a scheduled drug test pursuant to the terms of his supervised release in Case No. 3:15-cr-00088-003-SLG.[6] Arrest warrants were issued for Mr. Burk in both this case and Case No. 3:15-cr-00088-003-SLG, and Mr. Burk was arrested on July 28, 2022.[7]

On August 3, 2022, after an Initial Appearance/Detention Hearing in this case and Case No. 3:15-cr00088-003-SLG, Magistrate Judge Scoble ordered Mr. Burk's temporary detention in both cases.[8] On August 5, 2022, Magistrate Judge Scoble conducted a Bail Review Hearing in both cases.[9] Following that hearing, Magistrate Judge Scoble entered Orders of Detention Pending Hearing or Trial in both cases.[10] Mr. Burk then filed two motions requesting detention review in both cases.[11] On October 4, 2022, Magistrate Judge Scoble held another Detention Hearing in both cases

---

[3] Docket 419.
[4] Docket 415.
[5] Docket 423.
[6] *See United States v. Strickland et al.*, 3:15-cr-00088-003-SLG-MMS, Docket 339.
[7] Docket 424; Docket 468.
[8] Docket 440; Docket 441.
[9] Docket 442; Docket 443.
[10] Docket 443; *United States v. Strickland et al.*, 3:15-cr-00088-003-SLG-MMS, Docket 353.
[11] Docket 448; Docket 457.

*United States v. Burk*     Case No. 3:19-cr-00117-JMK
Order     Page 2
Case 3:19-cr-00117-JMK-MMS    Document 469    Filed 10/24/22    Page 2 of 6

and denied Mr. Burk's oral motion for release.[12]  Mr. Burk thereafter filed the present motion, requesting that this Court review Magistrate Judge Scoble's Detention Orders in both cases.[13]  Mr. Burk's Imposition of Sentence in this case is set for November 4, 2022.[14]

## II.  LEGAL STANDARD

After a magistrate judge issues a detention order pursuant to 18 U.S.C. § 3142, a defendant may seek review of the detention order by the district court pursuant to 18 U.S.C. § 3145(b), or appeal from a detention order pursuant to 18 U.S.C. § 3145(c).[15]

Section 3145(b) provides, "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  Under § 3145(b), a district court reviews a magistrate judge's detention determination *de novo*.[16]  However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."[17]  In conducting its review, there is no requirement that the district court hold a hearing.[18]

Under § 3145(c), a defendant who is detained pursuant to § 3143(a)(2) or (b)(2) could obtain release if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

---

[12] Docket 464.
[13] Docket 467.
[14] Docket 461.
[15] Although Mr. Burk did not explicitly invoke 18 U.S.C. § 3145(b), the Court construes his Motion as requesting district court review of Magistrate Judge Scoble's Detention Order.
[16] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[17] *Id.* at 1193.
[18] *See id.* at 1193; *see also United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

*United States v. Burk*  
Order  
Case No. 3:19-cr-00117-JMK  
Page 3

Case 3:19-cr-00117-JMK-MMS   Document 469   Filed 10/24/22   Page 3 of 6

community if released and if it clearly is shown that there are "exceptional reasons" why detention would not be appropriate.[19] The Ninth Circuit has found that the district court has authority to determine whether there are "exceptional reasons" warranting release under § 3145(c).[20]

### III. DISCUSSION

At the outset, the Court clarifies that this Order pertains solely to the Detention Order issued at Docket 443 in this case, *United States v. Burk*, 3:19-cr-00117-JMK. A separate Order shall issue in Mr. Burk's case in front of Judge Gleason, *United States v. Strickland et al.*, 3:15-cr-00088-003-SLG-MMS.

This Court has independently reviewed the record, including: (1) Mr. Burk's Motion; (2) USPO's June 22, 2022, Petition for Action on Conditions of Pretrial Release (3) the transcript of the August 3, 2022, Initial Appearance on Petition for Action on Conditions of Pretrial Release/Detention Hearing before Magistrate Judge Scoble; (4) the transcript of the August 5, 2022, Bail Review Hearing before Magistrate Judge Scoble; (5) the August 5, 2022, Order of Detention Pending Hearing or Trial at Docket 443; and (6) the transcript of the October 4, 2022, Bail Review Hearing before Magistrate Judge Scoble. The Court concludes that a hearing before the district court is unnecessary to a determination regarding the appropriateness of continuing detention.

In this case, Mr. Burk has entered a guilty plea and is currently awaiting sentencing. Accordingly, detention is governed by the provisions of 18 U.S.C. § 3143(a)

---

[19] 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(a)(1), (b)(1).
[20] *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003).

*United States v. Burk*  Case No. 3:19-cr-00117-JMK
Order  Page 4
Case 3:19-cr-00117-JMK-MMS   Document 469   Filed 10/24/22   Page 4 of 6

and "the burden of establishing that the defendant will not flee or pose a danger to any other person or community rests with the defendant."[21] Mr. Burk has presented no evidence or argument that satisfies his burden of establishing that he will not flee or pose a danger to the community. Upon this Court's review of the record and given Mr. Burk's history of noncompliance with this Court's orders, his plea of guilty to a crime of violence, his criminal history, and his history of substance abuse, the Court finds that detention pending sentencing is appropriate here. Mr. Burk does not appear to dispute that he cut off his electronic monitoring device nine days after his release and subsequently absconded from supervision. This recent violation of his pretrial release conditions indicates that no condition or combination of conditions will reasonably assure that Mr. Burk would appear for future court proceedings and comply with the terms and conditions of pretrial release. In fact, on October 4, 2022, Mr. Burk presented Magistrate Scoble with a proposed release plan that was substantively identical to his original release plan. Mr. Burk has not shown the Court that a similar set of conditions would not yield a similar result.

Mr. Burk's arguments challenging the Detention Orders issued by Magistrate Judge Scoble seem solely focused on the issue regarding his failure to appear for a scheduled drug test in Case No. 3:15-cr-00088-SLG-MMS-3. However, the authority of federal probation officers to conduct drug testing or the purported excessiveness of Mr. Burk's drug testing conditions is separate from the fact that, in this case, Mr. Burk

---

[21] Fed. R. Civ. P. 46(c).

*United States v. Burk*  
Order  
Case 3:19-cr-00117-JMK-MMS   Document 469   Filed 10/24/22   Page 5 of 6

Case No. 3:19-cr-00117-JMK  
Page 5

clearly has demonstrated that he is a flight risk and there are no release conditions that could assure this Court that Mr. Burk will appear for his upcoming sentencing.

Finally, under § 3145(c) Mr. Burk has not identified any "exceptional reasons" that warrant his release. "Exceptional reasons" means "any truly unusual factors or combination of factors" that would render it unreasonable to incarcerate the defendant.[22] Mr. Burk did not identify any such truly unusual factors in hearings before Magistrate Judge Scoble or in the present Motion.[23] "Hardships that commonly result from imprisonment" or release with conditions do not meet the high threshold for "exceptional reasons."[24]

## IV. CONCLUSION

Having reviewed Magistrate Judge Scoble's Detention Order at Docket 443 *de novo*, this Court cannot find by clear and convincing that Mr. Burk is not likely to flee or pose a danger to the community. The Court also finds that there are no release conditions that could reasonably assure the appearance of Mr. Burk or the safety of the community. Accordingly, IT IS ORDERED that the Motion at Docket 467 is DENIED, and Magistrate Judge Scoble's detention order at Docket 443 remains in full force and effect.

IT IS SO ORDERED this 24th day of October, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[22] *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).
[23] *See* Docket 467.
[24] *See Garcia,* 340 F.3d at 1022.

*United States v. Burk* Case No. 3:19-cr-00117-JMK
Order Page 6
Case 3:19-cr-00117-JMK-MMS   Document 469   Filed 10/24/22   Page 6 of 6