S. LANE TUCKER
United States Attorney

STEVEN D. CLYMER
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (315) 373-8847
Email: steven.d.clymer@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | No. 3:19-cr-00117-SLG-MMS |
| JOHNNY-LEE PRESTON BURK, | |
| Defendant. | |

**MOTION TO VACATE JUDGMENT OF CONVICTION AND SENTENCE**

The United States of America, by and through its counsel of record, the United States Attorney for the District of Alaska, respectfully moves this Court to vacate the judgment of conviction and sentence in this case because of presiding United States District Judge Joshua M. Kindred's erroneous failure to recuse himself under 28 U.S.C. § 455(a) based on his undisclosed personal relationship with Assistant United States Attorney ["AUSA"] Karen Elizabeth Vandergaw. Specifically:

//

1. On October 18, 2019, a federal grand jury in the District of Alaska returned a two count indictment charging defendant Johnny-Lee Preston Burk in Count One with assault causing bodily injury to victim A.M., a person assisting an officer or employee of the United States in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1) & (b); and in Count Two with assaulting victim F.A., a person assisting an officer or employee of the United States in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1).

2. AUSA Vandergaw represented the United States in this case from indictment through judgment and until July 24, 2024, when the government notified the Court that Vandergaw "is no longer an active participant in the . . . case." Docket #563.

3. On October 23, 2019, this case was assigned to the Honorable Sharon L. Gleason. Docket #8. But on March 19, 2020, it was reassigned to the Honorable Joshua M. Kindred for further proceedings. Docket #94. Judge Kindred remained the presiding judge until January 11, 2023, when this case again was reassigned, this time back to Chief Judge Gleason. Docket #479.

4. On November 20, 2019, the Court granted Burk's motion to represent himself with standby counsel. Docket #15. On January 27, 2020, the Court appointed legal counsel for Burk. Docket #65. On January 21, 2021, the Court granted Burk's motion to represent himself as to motions only, with standby counsel. Docket #149.

5. On June 10, 2022, after this case had been assigned to Judge Kindred, Burk entered into a plea agreement with the government under which he agreed to plead guilty

to Count Two of the indictment in exchange for a government agreement that a time served sentence, a three-year term of supervised release, and a $100 special assessment "is the appropriate disposition of the case." Docket #419 at p. 2. The government further agreed to move to dismiss Count One after the Court "accepts the plea agreement and imposes sentence." *Id.* It further agreed to not to prosecute Burk "for any other offense related to the events that resulted in the charges contained in the Indictment." *Id.* Vandergaw and Burk signed the plea agreement. *Id.* at pp. 14, 15. No attorney representing Burk signed the agreement. *Id.* The government filed the plea agreement on June 10, 2022. *Id.*

6. On June 10, 2022, at a hearing before Judge Kindred in which AUSA Vandergaw represented the government and Burk, who had standby counsel, represented himself, Burk pleaded guilty to Count Two of the indictment consistent with the plea agreement. Docket #415. The district court accepted the guilty plea. Docket #491 at p. 23.[1]

7. On November 4, 2022, at a hearing before Judge Kindred in which AUSA Vandergaw represented the government and Burk represented himself without standby counsel, the Court imposed a sentence. Docket #471. The sentence was consistent with the plea agreement. Docket #493 at pp. 15-16.[2]

8. In November 2022, based on allegations about Judge Kindred, Ninth Circuit Chief Judge Mary H. Murguia directed a limited inquiry under the Rules for Judicial-

---

[1] The transcript of the June 10, 2022 change of plea hearing is located at Docket #491.

[2] The transcript of the November 4, 2022 sentencing hearing is located at Docket #493.

U.S. v. Johnny-Lee Preston Burk
3:19-cr-00117-SLG-MMS

Conduct and Judicial-Disability Proceedings. *See* Order of the Judicial Council of the Ninth Circuit in *In re Complaint of Judicial Misconduct*, Ninth Circuit Case No. 22-90121 ["Order"] at p. 2.

9. On December 27, 2022, after having determined that there was probable cause to believe that misconduct had occurred, Chief Judge Murguia identified a misconduct complaint against Judge Kindred. Order at p. 2. The complaint alleged that Judge Kindred had created a hostile work environment for judicial employees, engaged in unwanted physical and verbal sexual conduct with a judicial clerk both during and after the clerkship, and attempted to silence those with knowledge of his misconduct. *Id.* at pp. 2-3.

10. On February 3, 2023, after Judge Kindred disputed the allegations, Chief Judge Murguia appointed a Special Committee to investigate the allegations and report its findings and recommendations to the Judicial Council. Order at p. 3. On March 4, 2024, the Special Committee issued a confidential 1,144-page report, inclusive of exhibits. *Id.*

11. On April 5, 2024, after being confronted with "contemporaneous evidence," Judge Kindred admitted that he had "engaged in a flirtation with a . . . more senior AUSA [and] received nude photographs from her." Order at 24; *see also* Order at 25 ("Judge Kindred was confronted with evidence of inappropriate communications with a separate, more senior AUSA. Despite that evidence, Judge Kindred stated that he did not have a personal, inappropriate relationship with that AUSA and that they never exchanged any inappropriate communications, including inappropriate photographs. At the Judicial

*U.S. v. Johnny-Lee Preston Burk*
3:19-cr-00117-SLG-MMS
Page 4 of 7
Case 3:19-cr-00117-SLG-MMS    Document 574    Filed 10/22/24    Page 4 of 7

Council meeting, confronted again with that contemporaneous evidence, he performed an about-face, stating that he received nude photographs from that senior AUSA and that some flirtation occurred.").

12. The senior AUSA described in the Judicial Council's report is AUSA Vandergaw, who represented the government before Judge Kindred during the guilty plea and sentencing proceedings in this case. To the government's knowledge, neither Vandergaw nor Judge Kindred disclosed the fact of their personal relationship to Burk or any attorney representing him despite that the relationship had become personal before Burk pleaded guilty.

13. In addition, the government learned from a hearsay source that Judge Kindred and Vandergaw had an *ex parte* conversation about Burk's case, which conversation Kindred later described (to a person who reported it to the source) as Kindred and Vandergaw having "worked it out." To the government's knowledge, no such conversation was disclosed to Burk or to any attorney representing him.

14. Subsection 455(a) of Title 18, United States Code, provides that "[a] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The personal relationship that Judge Kindred admitted having with AUSA Vandergaw would reasonably cause an objective observer to question his impartiality in this case, where AUSA Vandergaw was counsel of record for the government and personally represented the government during critical events over which Kindred had discretionary decision-making authority, including

acceptance of Burk's guilty plea and his sentencing. Accordingly, Judge Kindred violated Section 455(a) when he failed to disqualify himself in this case.

15. A violation of 28 U.S.C. § 455(a) can require that a judgment of conviction and sentence in a criminal case be vacated when the error is not harmless. *See United States v. Arnpriester*, 37 F.3d 466, 468 (9th Cir. 1994).

16. An error is harmless where it "does not affect substantial rights." Fed. R. Crim. P. 52(a). A harmless error "must be disregarded." *Id.* A violation of a statutory provision like 28 U.S.C. § 455(a) "is harmless error if there is no reasonable possibility that prejudice resulted." *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir. 2002) (internal quotation marks and citation omitted).

17. Under the unique circumstances present here, including that Burk represented himself during relevant proceedings, and lacked even the benefit of standby counsel at sentencing, the government refrains from taking the position that Judge Kindred's failure to recuse violation was harmless error.

18. Accordingly, in the interest of justice and to safeguard the right of a criminal defendant to proceedings before a tribunal whose impartiality cannot reasonably be

questioned, the government moves this Court to vacate the judgment of conviction and sentence in this case.[3]

RESPECTFULLY SUBMITTED October 22, 2024, at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

*/s/ Steven D. Clymer*
STEVEN D. CLYMER
Special Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on October 22, 2024 a true and correct copy of the foregoing was sent through United States mail to Johnny-Lee Preston Burk served electronically on standby counsel Lance C. Wells.

Office of the U.S. Attorney

---

[3] This motion pertains only to *United States v. Burk*, 19-cr-00117-SLG-MMS-1. It has no application to the separate case of *United States v. Burk*, 3:23-cr-00078-SLG-1.

*U.S. v. Johnny-Lee Preston Burk*
3:19-cr-00117-SLG-MMS