S. LANE TUCKER
United States Attorney

MICHAEL J. HEYMAN
MAC CAILLE PETURSSON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: michael.heyman@usdoj.gov
Email: mac.caille.petursson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JOHNNYLEE PRESTON BURK, a/k/a "Felon," a/k/a "Johnny-Lee Preston Burk,"<br><br>　　　　Defendant. | No. 3:19-cr-00117-SLG-MMS |

**OPPOSITION TO REQUEST FOR PRODUCTION OF DISCOVERY**

The United States submits this opposition to defendant Johnnylee Preston Burk ("Defendant")'s "Request for Production of Discovery" and respectfully represents as follows:

//

//

//

## I. INTRODUCTION

Defendant requests the production of numerous categories of information relating to his 2019 and 2023 criminal cases claiming the information is discoverable under Federal Rule of Criminal Procedure 16 and *United States v. Hernandez-Meza*, 720 F.3d 760 (9th Cir. 2013). The discovery requests, however, should be denied. The discovery requests relating to the 2019 case are moot. With respect to the 2023 case, neither Rule 16, nor the applicable case law, authorize the broad discovery requests. In addition, Rule 16(a)(2) specifically prohibits many of them.

## II. BRIEF BACKGROUND

Defendant is a criminal history category VI offender with a violent past. He has spent most of his adult life in custody as a result of his burglaries, assaults, and narcotics felonies. According to Defendant - now age 40 - he has "been incarcerated for all of his adult life since he was 18, excluding a mere 1 1/2 years of freedom in that period of time…." Case 23-cr-00078, Dkt. 113 at 2-3.

On October 18, 2019, a federal grand jury in the District of Alaska returned a two count indictment charging Defendant with two counts of assault causing bodily injury in violation of 18 U.S.C. § 111(a)(1) & (b). Dkt. 2.

On June 10, 2022, Defendant pled guilty to Count Two of the indictment. Dkt. 415.

On November 4, 2022, Defendant was sentenced consistent with the plea agreement. Dkt. 493 at 15-16.

//

On September 13, 2024, Defendant filed his "Request for Production of Discovery." Dkt. 565. Defendant's request was filed in both his 2019 case (19-cr-00117-SLG) and the 2023 case (23-cr-0078-SLG).[1]

## III. ARGUMENT

Defendant's request for materials relating to his 2019 case is moot and the request for materials relating to the 2023 case should be denied.

### A. The 2019 Case Discovery Request

Defendant seeks discovery to support his previously filed 2255 motion and for "new claims" regarding his "involuntary plea" that he entered because "Judge Kindred prevented his ability to defend himself or prepare an intelligent defense…." Motion at 4. He additionally seeks discovery relating to AUSA Karen Elizabeth Vandergaw's ethical violations during that case. *Id*. at 5.

Defendant's request for materials relating to his 2019 case, however, is moot. The ultimate relief for claims relating to the failure to recuse and prosecutorial misconduct would likely be to vacate the judgment and permit Defendant to withdraw his plea and proceed to trial. *See United States v. Arnpriester*, 37 F.3d 466, 468 (9th Cir. 1994) (A violation of 28 U.S.C. § 455(a) can require that a judgment of conviction and sentence in a criminal case be vacated); *see generally United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir. 1993) (dismissal of a valid indictment not warranted despite misconduct claims); *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) ("the drastic step of dismissing

---

[1] This background section provides an overview of the 2019 case only.

an indictment is a disfavored remedy"); *United States v. Maradiaga*, 539 F. Supp. 3d 1027, 1030 (N.D. Cal. 2021) ("Dismissal with prejudice is a severe sanction, and the Court may order it only if it finds that a lesser remedy would be inadequate.").

On October 22, 2024 (contemporaneous with the filing of this response), the United States filed a motion to vacate the judgment in the 2019 case. Dkt. 574. The motion to vacate states that the "personal relationship that Judge Kindred admitted having with AUSA Vandergaw would reasonably cause an objective observer to question his impartiality in th[e] case…" Consequently, "in the interest of justice and to safeguard the right of a criminal defendant to proceedings before a tribunal whose impartiality cannot reasonably be questioned, the government moves this Court to vacate the judgment of conviction and sentence in this case."

Assuming the motion is granted and the judgment is vacated, Defendant will obtain the legal relief available under the circumstances. He will be returned to the same procedural posture he would have been in absent any erroneous failure to recuse, and a new trial should be set. Moreover, a new judge and a new prosecutor have been assigned to the case.

Because Defendant seeks discovery on issues where the ultimate relief – a new trial – is soon to be obtained, discovery on the failure to recuse issue is not warranted.[2]

---

[2] In addition, Defendant makes his discovery request pursuant to Federal Rule of Criminal Procedure 16(a). This rule, however, does not apply to Defendant's *post*-judgment discovery requests. His right to discovery in this post-judgment context is governed by Rule 6 contained in the Rules Governing Section 2255 Proceedings for the United States District Courts. Pub. L. No. 94-426.

*U.S. v. Burk*
3:19-cr-00117-SLG-MMS                         Page 4 of 12

B.  **The 2023 Case Discovery Request**

Defendant seeks discovery that generally falls into two categories, discovery relating to: (1) Judge Kindred's failure to recuse, and (2) vindictive prosecution/misconduct. Defendant, however, fails to provide a sufficient legal basis authorizing the discovery. The discovery is not authorized by Rule 16, case law does not support the requested discovery, and the requested discovery is independently objectionable.

1. Federal Rule of Criminal Procedure 16

Rule 16 does not entitle a criminal defendant to open-file discovery. *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) ("Rule 16 does not authorize a blanket request to see the prosecution's file.").[3] Instead, under Rule 16(a)(1)(E), the government must disclose case-related records in its possession, custody, or control in three circumstances: when the record is material to preparing the defense; when the government intends to use the record in its case-in-chief; or when the record belongs to or was obtained from the defendant. Fed. R. Crim. Pro. 16(a)(1)(E).

---

[3] Defendant's reliance on *Brady v. Maryland*, 373 U.S. 83 (1963) similarly fails. *See* Motion at 8. Like Rule 16, the Government's *Brady* obligations do not entitle Defendant to open-file discovery. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("We have never held that the Constitution demands an open file policy."). Instead, favorable information is only subject to disclosure under *Brady* if it relates to Defendant's guilt or innocence at trial. Information relevant to mounting a collateral attack or challenge to the indictment, such as those under Rule 12, is not subject to discovery under *Brady*. *United States v. Blackley*, 986 F. Supp. 600, 603 (D.D.C. 1997) (finding *Brady* material is "not material that would only support jurisdictional challenges, claims of selective prosecution, or any other collateral attacks on the indictment, because prevailing on those claims would not prove defendant free from fault, guilt or blame").

*U.S. v. Burk*
3:19-cr-00117-SLG-MMS          Page 5 of 12

Case 3:19-cr-00117-SLG-MMS     Document 575     Filed 10/22/24     Page 5 of 12

Here, the requested information relating to Judge Kindred's failure to recuse and vindictive prosecution was not obtained from Defendant and is not the type of material that the government intends to use in its case-in-chief. Nor is information "material to preparing the defense." Under Rule 16, information is only material to the defense if it is related to Defendant's "response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). In other words, it must relate to establishing or rebutting proof of his guilt at trial. Information is not "material" to the defense under Rule 16 if it relates only to some other attack on the prosecution or indictment. *See id.*; *see also United States v. Rashe*d, 234 F.3d 1280, 1285 (D.C. Cir. 2000) (finding Rule 16 did not entitle defendant to discovery relating to double jeopardy claim because the claim related "not to refutation of the government's case in chief but to establishment of an independent constitutional bar to the prosecution"). Thus, Rule 16 does not provide a basis for the requested discovery.

To the contrary, Rule 16(a)(2) precludes most of the requested materials. Rule 16(a)(2) provides:

> Information Not Subject to Disclosure. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

Fed. R. Crim. Proc. 16(a)(2); *see also United States v. Heine*, 314 F.R.D. 498, 501 (D. Ore. 2016) ("Rule 16(a)(2) excludes some information from disclosure, including reports,

memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with . . . prosecuting the case."); *see also United States v. Safavian*, 233 F.R.D. 12, 20 (D.D.C. 2005) ("[T]he internal deliberative processes of the Department of Justice, the FBI, and the GSA-OIG are irrelevant to the preparation of a defense."); *United States v. Naegele*, 468 F. Supp. 2d 150, 155 (D.D.C. 2007) ("To the extent that defendant seeks documents or records reflecting the internal deliberations of the Department of Justice leading to the decision to seek an indictment, he is not entitled to them under Brady…").

In his requests, Defendant seeks numerous categories of internal deliberations and work product. For instance, in Request No. 2, Defendant seeks "Any evidence of AUSA Vandegraws [sic] decision to charge Burk and seek an indictment…" Motion at 5; *see also* Request 6 (seeking discovery about the "decision to prosecute Burk"); Request Nos. 7 and 10 (seeking discovery about the "decision to seek a 924(e) enhancement"); Request No. 12 (seeking discovery about the "decision to seek a superseding indictment").

Rule 16(a)(2) expressly precludes these requests.

2. Applicable Case Law

Defendant's discovery requests similarly fail under the applicable case law. While there may be other Constitutional reasons warranting criminal discovery that fall outside the scope of Rule 16, including claims of prosecutorial misconduct, Defendant does not satisfy his substantial burden of presenting "clear evidence" rebutting the presumption that the prosecutors acted Constitutionally.

To the extent that Defendant seeks to attack the investigation and prosecution as biased, motivated by an improper purpose, or some other theory of government misconduct, he must make a "rigorous" showing of the basis for their claim before the court should entertain request.

In *United States v. Armstrong*, 517 U.S. 456, 463 (1996), prosecutors charged the defendants with selling crack cocaine and using a firearm in connection with the drug trafficking offense. In the district court, the defendant alleged selective prosecution and the district court ordered the United States to produce discovery. Ultimately, the Supreme Court reversed, finding that a "rigorous" standard applied to the defendants' request for discovery and they had failed to meet that standard.

> Having reviewed the requirements to prove a selective-prosecution claim, we turn to the showing necessary to obtain discovery in support of such a claim. If discovery is ordered, the Government must assemble from its own files documents which might corroborate or refute the defendant's claim. Discovery thus imposes many of the costs present when the Government must respond to a prima facie case of selective prosecution. It will divert prosecutors' resources and may disclose the Government's prosecutorial strategy. The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim.

*Id*. at 468.

Similarly, in *United States v. Harold*, 2024 WL 2208061, at *5 (D. Or. May 14, 2024), the defendants were charged with interstate riot and sought discovery relating to, *inter alia*, outrageous government conduct. After examining the relevant Ninth Circuit authority, the court held that the showing required to warrant discovery into claims of outrageous government misconduct is "onerous." "[T]he standard for discovery for [an

outrageous government conduct] claim should be nearly as rigorous as that for proving the claim itself." *Id*. at 7 (quoting *United States v. Sellers*, 906 F.3d 848, 853 (9th Cir. 2018) and citing *Armstrong*, *United States v. Chon*, 210 F.3d 990 (9th Cir. 2000), and *United States v. Ail*, 2007 WL 1229415, at *4 (D. Or. Apr. 24, 2007). The "mere reference to alleged outrageous government conduct is not, at this time, sufficient for this Court to order the Government to produce documents." *Id*.; *see also United States v. Siriprechapong*, 181 F.R.D. 416, 424 (N.D. Cal. 1998), as clarified (July 2, 1998); *United States v. Stone*, 394 F. Supp. 3d 1, 31 (D. D.C. 2019) ("a defendant must provide something more than mere speculation or 'personal conclusions based on anecdotal evidence'").[4]

      Here, Defendant fails to meet his burden. Although Judge Kindred's wrongdoings are established in the Ninth Circuit's findings made public on July 8, 2024, Judge Kindred immediately recused himself from this case and otherwise took no part in it. With respect to AUSAs Vandergaw and Klugman, Defendant provides no explanation - much less clear evidence - indicating what, if any, wrongdoing impacted this pending criminal case, especially since AUSAs Vandergaw and Klugman are no longer handling the criminal case and the Government still bears its burden of proof at trial. Defendant's speculation about an unspecified Constitutional infirmity is not sufficient to authorize discovery.

//

---

[4] Defendant cites *United States v. Hernandez-Meza*, 720 F.3d 760 (9th Cir. 2013) as a basis for the discovery. *Hernandez-Meza*, however, addresses the materiality of information under Rule 16 and does not discuss discovery relating to collateral case issues such as alleged prosecutorial misconduct.

*U.S. v. Burk*
3:19-cr-00117-SLG-MMS           Page 9 of 12

Case 3:19-cr-00117-SLG-MMS   Document 575   Filed 10/22/24   Page 9 of 12

### 3. Additional Objections

In addition to the foregoing, the discovery requests are objectionable on the following bases:

First, Defendant appears to request material that relates to Judge Kindred's recusal in the 2023 case. Judge Kindred was assigned the case upon indictment and immediately recused himself. The United States, however, is not aware of any decisions authorizing discovery into the basis of a court's decision to recuse. Such discovery would open the floodgates to irrelevant litigation, particularly in a situation such as the present when the judge's recusal was immediate. To the contrary, one court found that neither recusal statute, 28 U.S.C. § 144 and 28 U.S.C. § 455(a), contemplates or provides for discovery in connection with a motion to recuse. *Lynn v. Lundry*, 2020 WL 3270547, at *2 (D. Kan. June 17, 2020). Because discovery is not contemplated to determine if recusal is warranted, there is no basis to authorize discovery once it has already occurred – particularly since Judge Kindred had zero role in the case.

Second, discovery is not warranted because many of the requests seek material relating to issues that are no longer relevant or wholly unrelated to Defendant's case.

- Request Nos. 5 and 20: These requests relate to Defendant's assertion of vindictive prosecution. Defendant has already filed a motion alleging vindictive prosecution and the Court has already denied that motion. Dkt. 565 at 6 and 8.

//

- Request Nos. 7, 10, 11 and 14: These requests seek material relating to the § 924(e) enhancement included in the First Superseding Indictment. The enhanced penalty allegation has already been dismissed. *Id*. at 6-8.

- Request No. 8: This request seeks the "original" dispatch audio, presumably the audio on the night of his arrest. *Id*. at 6. The Court appears to have already addressed this discovery issue and entered an order confirming that Defendant has revised the audio. Dkt. 73.

- Request No. 16: This request seeks material related to the case of *United States v. Moi*, a separate criminal case in which Defendant is not a party and has no apparent connection. *Id*. at 7.

- Request Nos. 15, 17 and 18: This request seeks material about potential ethical violations of AUSAs Vandergaw and Klugman in other unrelated cases and further seeks discovery about possible ethical violations of "any other" attorney in the U.S. Attorney's Office, information that far exceeds any relationship to the present case. *Id*. at 7-8.

- Request No. 19: This request seeks material relating to Judge Kindred's ethical violations and misconduct. Judge Kindred, however, immediately recused himself from the criminal case and took no other actions in the case. *Id*. at 8.

//

//

## IV. CONCLUSION

Based on the foregoing, Defendant's requests for discovery should be denied.

RESPECTFULLY SUBMITTED October 22, 2024 at Anchorage, Alaska.

        S. LANE TUCKER
        United States Attorney

        /s/ *Michael J. Heyman*
        MICHAEL J. HEYMAN
        Assistant United States Attorney
        United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on October 22, 2024 a true and correct copy of the foregoing was served on Defendant at his address of record.

/s/ *Michael J. Heyman*
Office of the U.S. Attorney

*U.S. v. Burk*
3:19-cr-00117-SLG-MMS        Page 12 of 12

Case 3:19-cr-00117-SLG-MMS    Document 575    Filed 10/22/24    Page 12 of 12